UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GONPO TSERING,

                      Plaintiff,

    -against-

CITY OF NEW YORK and TRAFFIC ENFORCEMENT
AGENT ERNEST JACKSON, Shield No. 355221,

                      Defendants.
------------------------------------------------------------X

COMPLAINT
(Jury Trial Demanded)

CV 14-

        Plaintiff Gonpo Tsering, by his attorney Scott A. Korenbaum, Esq., for his Complaint, alleges as follows:

## INTRODUCTION

        1.    Plaintiff Gonpo Tsering brings this action, pursuant to 42 U.S.C. § 1983, to redress the deprivation of his federal constitutional rights. More specifically, on January 7, 2013, at approximately 8:50 a..m., defendant Traffic Enforcement Agent Ernest Jackson, Shield No. 355221, a member of the City of New York Police Department, used unnecessary and excessive force while issuing Mr. Tsering a traffic summons.

## JURISDICTION AND VENUE

        2.    Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as Mr. Tsering's claim arises under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to the claim of Mr. Tsering arising under the common law of the State of New York.

        3.    Pursuant to 28 U.S.C. § 1391(b), venue is proper as the events or omissions giving rise to Mr. Tsering's claims occurred in the City of New York, New York County.

## PARTIES

4. Mr. Tsering is a resident of the State of New York. He resides in the State of New York, County of Queens.

5. Defendant Traffic Enforcement Agent Ernest Jackson, Shield No. 02493, was, at all times relevant herein, a member of the City of New York Police Department (the "Department"). Upon information and belief, defendant Jackson is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

6. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant herein, it was the employer of defendant Jackson.

## ADMINISTRATIVE PREREQUISITES

7. By Order dated June 26, 2013, Supreme Court Justice Margaret A. Chan (New York County) granted Mr. Tsering's petition for leave to file a late notice of claim. On July 1, 2013, consistent with Justice Chan's order, Mr. Tsering filed his notice of claim.

8. At least thirty days have elapsed since Mr. Tsering filed the Notice of Claim and adjustment or payment thereof has been neglected or refused. This action is commenced within one year and 90 days from the date of the occurrences alleged therein, as required under Section 50-i of the General Municipal Law.

## FACTS UNDERLYING THE COMPLAINT

9. At all times relevant herein, Mr. Tsering was employed as a driver for a car

service. On January 7, 2013, at approximately 8:50 a..m., he was inside of his vehicle, which was located on the south side of 60th Street, between Lexington and Third Avenues.

10. At that time, defendant Jackson approached Mr. Tsering. Upon reaching his car, Jackson indicated that he intended to provide Mr. Tsering a summons.

11. In response, Mr. Tsering pleaded with Jackson not to do so. He explained that he had not received any jobs yet and that he could not afford to pay any fines.

12. Mr. Tsering's efforts to convince Jackson not to issue him a summons failed. During their verbal back and forth, Jackson struck Mr. Tsering in the orbital area of his face.

13. Defendant Jackson's use of force was without any justification. Prior to his use of force, Mr. Tsering did not give him any reason to use excessive force. He did not use or attempt to use force, or otherwise engage in any conduct that could have made Jackson believe that force was necessary.

14. As a result of defendant Jackson's use of force, Mr. Tsering sustained physical injuries to his orbital area.

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983–Excessive Force)

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

16. On January 7, 2013, defendant Jackson was involved in the issuance of a summons to Mr. Tsering.

17. While attempting to issue a summons to Mr. Tsering, defendant Jackson used more force than was necessary.

18. As the behavior of Mr. Tsering provided no justification for defendant's conduct, his actions were both unreasonable and shocking to the conscience within the meanings of the Fourth and Fourteenth Amendments to the United States Constitution.

19. As a result of defendant Jackson's conduct, Mr. Tsering suffered was injured.

## SECOND CLAIM FOR RELIEF
(State Law--Battery)

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, as if fully set forth herein.

21. January 7, 2013, defendant Jackson intentionally and without legal justification struck Mr. Tsering in a harmful and offensive manner.

22. Mr. Tsering did not consent or authorize defendant to touch him this way.

23. Defendant Jackson was an agent of defendant City of New York and was at all relevant times acting within the scope of his employment.

24. As a result of the individual defendant's conduct, Mr. Tsering suffered injury.

25. As the employer of defendant Jackson, defendant City of New York is responsible for the injuries Mr. Tsering suffered at the hands of defendant Jackson pursuant to the doctrine of *respondeat superior*.

## DEMAND FOR A JURY TRIAL

26. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Gonpo Tsering prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
February 28, 2014

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
11 Park Place, Suite 914
New York, New York 10007
(212) 587-0018

By: _____
Scott A. Korenbaum